**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZZ SOUTHGATE LLC,<br><br>     Plaintiff,<br><br>   -against-<br><br>535 5TH, LLC and RMD Group, LLC,<br><br>     Defendants. | Civil Action No. 20 CV _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, ZZ Southgate LLC ("Plaintiff"), by and through its undersigned counsel, for its complaint against 535 5th, LLC ("535 5th") and RMD Group, LLC ("RMD Group," each a "Defendant," and together "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff ZZ Southgate LLC is a New York limited liability company with its principal place of business at 4964 Merrick Road, Massapequa Park, New York 11762.

2. Defendant 535 5th, LLC is a California limited liability company with a registered address of 614 5th Avenue, San Diego, California, 92101.

3. Defendant RMD Group, LLC is a California limited liability company with a registered address of 614 5th Avenue, San Diego, California 92101.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

4. Plaintiff seeks monetary and injunctive relief against Defendants for numerous causes of action, inter alia, (i) trademark infringement, in violation of 15 U.S.C. § 1114; (ii) trademark counterfeiting in violation of 15 U.S.C. § 1114; (iii) false designation of origin, in violation of 15 U.S.C. § 1125; (iv) unfair competition and false advertising, in violation of

15 U.S.C. § 1125; and (v) trademark dilution, unfair competition, and false advertising, in violation of New York General Business Law §§ 349, 350 and 360-L.

5. Jurisdiction of this Court is founded upon 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331, 1332(a)(1), and 1338 (a) and (b), and the pendent jurisdiction of this Court. The Court has supplemental jurisdiction over the claims in this Complaint which arise under common law and state statutory law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Personal jurisdiction over Defendants is proper pursuant to N.Y. C.P.L.R. § 302(a). Upon information and belief, Defendants wrongfully caused injury to Plaintiff in the State of New York and in this District and derived substantial revenue from interstate commerce. In particular, without limitation and upon information and belief, since at least May 2015, Defendants have infringed Plaintiff's service mark which has caused instances of action confusion among consumers and injury to Plaintiff's brand and business in New York. Further Defendant 535 5th has sought to fraudulently register Plaintiff's service mark in its own name in an effort to cause further confusion among consumers and cause further injury to Plaintiff's brand and business in New York. Based on such conduct, Defendant expected or should reasonably have expected its acts to have consequences in New York.

7. Venue is proper within this Judicial District under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

**I. Plaintiff's Creation & Development of Plaintiff's RUSTIC ROOT Mark & Restaurant**

8. During 2014, Plaintiff began preparations to open a new restaurant in Nassau County, Long Island featuring locally-sourced, organic food in collaboration with an award-

winning Chef.  The food would come from Long Island farms and fisheries, and Plaintiff's mark was chosen to suggest the rustic nature of its restaurant and farm to table cuisine.

9. On January 28, 2015, with the restaurant concept in mind, Plaintiff filed a trademark application with the U.S. Patent & Trademark Office for federal registration of the service mark, "rustic root", for "restaurant services" in class 43 (App. No. 86517520) (the "RUSTIC ROOT Mark").  Plaintiff's service mark application was based upon a <u>bona fide</u> intention to use the mark.

10. During June 2016, Plaintiff opened its RUSTIC ROOT restaurant and perfected its registration of the RUSTIC ROOT Mark (Reg. No. 5037260) by filing a Statement of Use in June 2016.

11. Plaintiff's RUSTIC ROOT Mark application matured to registration on September 6, 2016.  Upon the issuance of that registration, the filing date of Plaintiff's RUSTIC ROOT Mark application became Plaintiff's nationwide priority date for rights in the RUSTIC ROOT Mark.

12. Since the opening in 2016, Plaintiff has expended significant resources in advertising, marketing, and promoting its successful RUSTIC ROOT restaurant.  Plaintiff advertises its RUSTIC ROOT Mark through its website, [http://rusticrootkitchen.com](http://rusticrootkitchen.com), and on social media, including Facebook ([https://www.facebook.com/rusticrootkitchen](https://www.facebook.com/rusticrootkitchen)) and Instagram ([https://www.instagram.com/rusticrootkitchen](https://www.instagram.com/rusticrootkitchen)).

13. As a result of these efforts, the RUSTIC ROOT mark has become well and favorably known to the relevant purchasing public and is recognized by them as indicating the source or origin of Plaintiff's RUSTIC ROOT services.

14. Consequently, the RUSTIC ROOT Mark represents an extremely valuable goodwill of inestimable value to Plaintiff.

## II. Defendants & Their Failed Attempts To Claim Priority & Cancel Plaintiff's Registration

15. Upon information and belief, Defendant 535 5th is engaged in the business of operating a restaurant named "Rustic Root" located at 535 5th Avenue, San Diego, California.

16. Upon information and belief, Defendant RMD Group is a hospitality management company located in San Diego which offers consulting, accounting, marketing, promotional, event sales, and concept development services to restaurants and night clubs. Included among the restaurants RMD Group has been and continues to be involved with is Defendant 535 5th's "Rustic Root" restaurant.

17. Upon information and belief, Defendant RMD Group performed and continues to perform consulting, accounting, marketing, promotional, event sales, and concept development services for Defendant 535 5th. In this connection, Defendant RMD Group's name, "RMD Group," has appeared on marketing and promotional materials for the San Diego "Rustic Root" restaurant as early as 2015 and as recently as 2019 to 2020.

18. Upon information and belief, since as early as May 2015, and after Plaintiff's January 28, 2015 nationwide priority date of its rights in the RUSTIC ROOT Mark, Defendant 535 5th has operated its "Rustic Root" restaurant.

19. Defendants advertise, promote, and market their "Rustic Root" restaurant through, *inter alia*, the website, RusticRoot.com and social media accounts, including Facebook, Twitter, and Instagram.

20. In early 2017, months after Plaintiff's RUSTIC ROOT Mark registered in September 2016, counsel for Defendant RMD Group contacted Plaintiff claiming Plaintiff's use

of "Rustic Root" infringed on Defendant RMD Group's use of, and rights in, "Rustic Root." Upon information and belief, at this time, counsel for Defendant RMD Group was aware that Plaintiff owned federal trademark registration for the RUSTIC ROOT Mark for restaurant services.

21. Plaintiff promptly responded, and reiterated for Defendant RMD Group's counsel that Plaintiff owns a federal trademark registration for RUSTIC ROOT and denied Defendant RMD Group's infringement claims.

22. Defendant RMD Group asserted its prior rights, allegedly rising from Defendant RMD Group's presales activity involving the RUSTIC ROOT service mark dating back to 2014.

23. Plaintiff refuted that Defendant RMD Group had sufficient presales activity to imbue it with prior rights in Plaintiff's RUSTIC ROOT Mark.

24. Months after this exchange, on September 14, 2017, Defendant 535 5th (not Defendant RMD Group) filed three trademark applications for federal registration of the RUSTIC ROOT word mark and two design marks with "Rustic Root" for "Restaurant, café, and cocktail lounge services; Bar services; Take-out restaurant services; Catering services and restaurants featuring home delivery; Restaurant services, namely, providing food and beverages for consumption on and off the premises" in class 43 (App. Nos. 87608764, 87608777, & 87608784) (the "Infringing Marks").

25. Despite opening its restaurant in May 2015 after Plaintiff filed its service mark application for registration of RUSTIC ROOT, Defendant 535 5th declared in its trademark applications that it first used the Infringing Marks in commerce in connection with the services set forth in its applications, in November 2014.

26. On June 25, 2018, Defendant 535 5th filed a proceeding before the U.S. Patent and Trademark Office's Trademark Trial & Appeal Board to cancel Plaintiff's RUSTIC ROOT registration based on its alleged prior use of "Rustic Root" which, in fact, commenced well after Plaintiff filed its RUSTIC ROOT trademark application (hereinafter, the "Cancellation Proceeding").

27. During discovery in the Cancellation Proceeding, Defendant 535 5th produced a handful of documents dated prior to the filing of Plaintiff's RUSTIC ROOT trademark application, including:

   a. Website analytics showing minimal use of Defendant's website prior to the filing of Plaintiff's RUSTIC ROOT Mark application;

   b. Seven social media posts, including tweets and Facebook and Instagram posts, with only three generating more than 20 likes and some generating none;

   c. Three articles listing Defendants' "Rustic Root" restaurant among dozens of other restaurants coming soon in 2015, and one article discussing Defendants' plan for a new "Rustic Root" restaurant in 2015.

   d. Photos of a construction site banner for Defendant 535 5th's restaurant showing the RUSTIC ROOT service mark.

All of this advertising included the name "RMD Group" and connected Defendant RMD Group with the "Rustic Root" restaurant that would open in San Diego, as opposed to Defendant 535 5th, the owner of the Infringing Marks and operator of the "Rustic Root" restaurant in San Diego.

28. Upon information and belief, Defendant 535 5th actually began using RUSTIC ROOT to render restaurant services during May 2015, which was well after the filing of RUSTIC ROOT Mark.

29. Defendant 535 5th's paucity of pre-sales evidence showing use of "Rustic Root" prior to the filing of Plaintiff's RUSTIC ROOT trademark application does not give it superior rights in RUSTIC ROOT to Plaintiff. Indeed, Defendant 535 5th's Rule 30(b)(6) witness, Michael Georgopoulos, testified during discovery in the Cancellation Proceeding that Defendant 535 5th owned and operated the "Rustic Root" restaurant but with its pre-sales activity, it "wanted the general public to associate the Rustic Root restaurant with the RMD Group name" because the RMD Group name was "a recognizable brand" and had "some cachet" in the restaurant industry.

30. Therefore, the presales activity by Defendant RMD Group for the Rustic Root restaurant was designed to promote Defendant RMD Group, not Defendant 535 5th, as the owner of the Infringing Marks. Consequently, none of Defendant RMD Group's pre-sales activity identifying RMD Group as the developer of the "Rustic Root" restaurant in San Diego can inure to the legal benefit of Defendant 535 5th.

31. Further, none of the pre-sales activity by Defendant RMD Group prior to Plaintiff's nationwide priority date in January 2015 is sufficient to give Defendant RMD Group superior rights in RUSTIC ROOT.

32. Plaintiff, not Defendant 535 5th is, therefore, the senior user of RUSTIC ROOT in connection with class 43 services, including restaurant services.

33. Defendant 535 5th's conduct in operating the "Rustic Root" restaurant in San Diego and Defendant RMD Group's use of the RUSTIC ROOT service mark to advertise the

San Diego "Rustic Root" restaurant has resulted in actual confusion by consumers since as early as May 2017. Consumers have brought coupons offered by said Defendant bearing the RUSTIC ROOT service mark to Plaintiff's restaurant. Consumers frequently tag Plaintiff's Instagram page for its restaurant in photos taken at Defendant's restaurant. Consumers have also made online reservations through a third-party service at Defendant's restaurant when they intended to make a reservation at Plaintiff's restaurant.

34. Defendant 535 5th continues to operate the "Rustic Root" restaurant in San Diego and Defendant RMD Group continues to use the RUSTIC ROOT service mark to advertise the San Diego "Rustic Root" restaurant and associate its name therewith.

35. As a result of this conduct, Plaintiff has suffered, and will continue to suffer, injury to its business and its reputation for high-quality restaurant services.

### AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER SECTION 32(1)(a) OF THE LANHAM ACT

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 above, as though fully set forth herein.

37. This cause of action arises under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

38. The registration embodying Plaintiff's federally registered RUSTIC ROOT Mark is in full force and effect under Reg. No. 5037260.

39. Defendants' unauthorized use of Plaintiff's federally registered RUSTIC ROOT Mark in commerce and advertising, including through use of the domain name RusticRoot.com and the website contained therein and social media, has led to actual confusion, mistake or

deception, and caused the public to believe that Plaintiff has sponsored, authorized, licensed or is otherwise connected to or affiliated with Defendants.

40. Defendants' continued unauthorized use of Plaintiff's federally registered RUSTIC ROOT Mark in commerce and advertising will continue to likely lead and result in confusion, mistake or deception, and likely cause the public to believe that Plaintiff has sponsored, authorized, licensed or is otherwise connected to or affiliated with Defendants.

41. Defendants' infringing use of Plaintiff's federally registered RUSTIC ROOT Mark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its service mark.

42. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from infringing Plaintiff's federally registered RUSTIC ROOT Mark.

43. Plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER SECTION 32(1)(b) OF THE LANHAM ACT

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 above, as though fully set forth herein.

45. This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(b).

46. Defendants through their website, social media, and other advertising and marketing, knowingly advertised, promoted, and offered identical restaurant services under counterfeits of Plaintiff's federally registered RUSTIC ROOT Mark.

47. Defendants' unauthorized use of counterfeits of Plaintiff's federally registered RUSTIC ROOT Mark in commerce and the advertisement, promotion, and offer of services that do not originate from Plaintiff has led to actual confusion, mistake or deception, and caused the public to believe that Plaintiff has sponsored, authorized, licensed or is otherwise connected to or affiliated with Defendants.

48. Defendants' continued unauthorized use of counterfeits of Plaintiff's federally registered RUSTIC ROOT Mark in commerce and advertising will continue to likely lead and result in confusion, mistake or deception, and likely cause the public to believe that Plaintiff has sponsored, authorized, licensed or is otherwise connected to or affiliated with Defendants.

49. Defendants' misconduct constitutes the intentional and willful use of counterfeits of Plaintiff's federally registered RUSTIC ROOT Mark in connection with the offering or distribution of services and such use is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its service, in violation of 15 U.S.C. § 1114(1)(b).

50. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill.

51. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's federally registered RUSTIC ROOT Mark.

52. Plaintiff has no adequate remedy at law.

### AS AND FOR A THIRD CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER SECTION 43(a)(1)(A) OF THE LANHAM ACT

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

54. This cause of action arises under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55. Defendants' unauthorized use of Plaintiff's RUSTIC ROOT Mark in commerce falsely and misleadingly describes and/or associates Defendants with Plaintiff and is likely to cause confusion, mistake or deception as to the affiliation, connection or association with Plaintiff or as to the origin, sponsorship, or approval of its services, or commercial activity.

56. Defendants' activities, therefore, infringe upon Plaintiff's rights in its federally registered RUSTIC ROOT Mark.

57. Defendant 535 5th has also passed itself off as Plaintiff in its use of RUSTIC ROOT and thus has unfairly competed with Plaintiff.

58. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under Section 43(a) of the Lanham Act unless enjoined by this Court.

### AS AND FOR A FOURTH CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER SECTION 43(a)(1)(B) OF THE LANHAM ACT

59. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 above, as though fully set forth herein.

60. This cause of action arises under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

61. The use by Defendants of the RUSTIC ROOT Mark in commerce in its commercial advertising or promotion constitutes false advertising as it misrepresents the nature, characteristics and qualities of Defendant's services and commercial activities, as being associated with Plaintiff.

### AS AND FOR A FIFTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER NEW YORK COMMON LAW

62. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 61 above, as though fully set forth herein.

63. Defendants' unauthorized use of RUSTIC ROOT in connection with its services infringes upon Plaintiff's rights in its RUSTIC ROOT Mark.

64. Additionally, the labors and expenditures of Plaintiff have been misappropriated by Defendants which is likely to cause confusion among the purchasing public as to the origin of Defendants' services.

65. By its use of the RUSTIC ROOT Mark, Defendants have arrogated to themselves Plaintiff's goodwill in the RUSTIC ROOT Mark and has misappropriated Plaintiff's rights in said mark.

66. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights in its RUSTIC ROOT Mark unless enjoined by this Court.

### AS AND FOR A SIXTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER SECTION 349 OF THE NEW YORK GENERAL BUSINESS LAW

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 above, as though fully set forth herein.

68. This cause of action arises under Section 349 of the New York General Business Law.

69. Defendants' use of Plaintiff's RUSTIC ROOT Mark is consumer-oriented.

70. Defendants' willful and knowing unauthorized use of Plaintiff's RUSTIC ROOT Mark is misleading in a material way.

71. Plaintiff is suffering injury as a result of Defendants' deceptive use of Plaintiff's RUSTIC ROOT Mark.

72. By its acts, Defendants have engaged in deceptive acts and practices in the conduct of their businesses and causing injury in New York State to Plaintiff's business and goodwill and causing harm to the public in New York State.

73. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under Section 349 of the New York General Business Law unless enjoined by this Court, causing further irreparable injury to Plaintiff for which there is no adequate remedy at law.

**AS AND FOR A SEVENTH CLAIM FOR RELIEF FOR
VIOLATION OF PLAINTIFF'S RIGHTS UNDER
SECTION 350 OF THE NEW YORK GENERAL BUSINESS LAW**

74. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 73 above, as though fully set forth herein.

75. This cause of action arises under Section 350 of the New York General Business Law.

76. By its acts, Defendants have engaged in false advertising in the conduct of their businesses, which is unlawful and to the harm of the public.

77. Defendants' unauthorized use of Plaintiff's RUSTIC ROOT Mark is material to consumers' purchasing and dining decisions and is likely to deceive consumers in a material way with respect to the services offered by Plaintiff and Defendants.

78. Plaintiff is suffering injury as a result of Defendants' deceptive and false advertising in connection with Plaintiff's RUSTIC ROOT Mark.

79. Defendant will, on information and belief, continue to infringe upon Plaintiff's rights under Section 350 of the New York General Business Law unless enjoined by this Court, causing further irreparable injury to Plaintiff for which there is no adequate remedy at law.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER <u>SECTION 360-l OF THE NEW YORK GENERAL BUSINESS LAW</u>

80. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 above, as though fully set forth herein.

81. This cause of action arises under Section 360-l of the New York General Business Law.

82. Plaintiff's RUSTIC ROOT Mark is inherently distinctive and identifies the services of Plaintiff in the minds of consumers.

83. Defendants' unauthorized use of Plaintiff's RUSTIC ROOT Mark for the rendering of its services is likely to dilute the distinctive quality of Plaintiff's federally registered RUSTIC ROOT Mark by blurring, the result of which is that Plaintiff's mark will lose its ability to service as a unique service identifier for Plaintiff.

84. The aforementioned acts result in damage to Plaintiff and the substantial business and goodwill symbolized by its service mark in violation of New York General Business Law § 360-l.

85. The aforementioned acts of trademark dilution have caused, and are causing, irreparable injury to Plaintiff. Unless enjoined by the Court, Defendants will continue to dilute the strength of Plaintiff's RUSTIC ROOT Mark, causing further irreparable injury to Plaintiff for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendants as follows:

A. Permanently enjoining Defendants and each of their respective agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

1. Using Plaintiff's RUSTIC ROOT Mark or any mark confusingly similar thereto, in connection with the advertising, marketing, promoting, and/or offering of services;

2. Committing any other act which falsely represents or which has the effect of falsely representing that the services of Defendants are affiliated with, connected with, offered by, created by, sponsored by, or in any other way associated with, Plaintiff;

3. Otherwise infringing upon Plaintiff's rights in its RUSTIC ROOT Mark;

4. Unfairly competing with Plaintiff;

5. Diluting Plaintiff's RUSTIC ROOT Mark; and

B. Ordering Defendants to transfer ownership of the RusticRoot.com domain, and any other domain names confusingly similar thereto, to Plaintiff;

C. Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

D. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

E. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

F. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

G. Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts;

H. Ordering Defendants to disgorge their profits gained as a result of Defendants' wrongful acts;

I. Ordering Defendants to abandon their trademark applications for the Infringing Marks;

J. Awarding Plaintiff's attorney's fees due the exceptional nature of Defendants' acts of infringement under 15 U.S.C. § 1117(a);

K. Awarding Plaintiff's applicable costs pursuant to 15 U.S.C. § 1117(a); and

L. Awarding Plaintiff such other and further relief as it deems proper.

Dated: March 5, 2020　　　　　　　　　　**BAKER & HOSTETLER LLP**
New York, New York

By: /s/ *Robert B.G. Horowitz*
Robert B.G. Horowitz
Kevin M. Wallace
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Counsel for Plaintiff*
*ZZ Southgate LLC*